```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     EASTERN DISTRICT OF CALIFORNIA
10                              ----oo0oo----
11
12  AARON M. WILBURN; ANNA L.           NO. CIV. 2:10-3384 WBS CMK
    WILBURN,
13
             Plaintiffs,                REQUEST FOR BRIEFING
14
         v.
15
    INDYMAC BANK, F.S.B.; NDEX
16  WEST, L.L.C.; INDYMAC FEDERAL
    BANK FSB SUCCESSOR BY MERGER
17  TO INDYMAC BANK, F.S.B.;
    ONEWEST BANK, FSB; DEUTSCHE
18  BANK NATIONAL TRUST COMPANY,
    AS TRUSTEE OF THE INDYMAC INDX
19  MORTGAGE LOAN TRUST 2005-AR7
    UNDER THE POOLING AND
20  SERVICING AGREEMENT DATED
    APRIL 1, 2005; DEUTSCHE BANK
21  NATIONAL TRUST COMPANY, AS
    TRUSTEE OF THE INDYMAC INDX
22  MORTGAGE LOAN TRUST 2005-AR7,
    MORTGAGE PASS-THROUGH
23  CERTIFICATES, SERIES 2005-AR7
    UNDER THE POOLING AND
24  SERVICING AGREEMENT DATED
    APRIL 1, 2005; and DOES 1-50
25  inclusive,
26           Defendants.
                                   /
27
28
```

----oo0oo----

Plaintiffs Aaron M. Wilburn and Anna L. Wilburn filed this action against defendants IndyMac Bank, F.S.B.; NDEX West, L.L.C.; IndyMac Federal Bank FSB, successor by merger to IndyMac, F.S.B.; OneWest Bank, FSB; Deutsche Bank National Trust Company, as trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR7 under the pooling and servicing agreement dated April 1, 2005; and Deutsche Bank National Trust Company, as trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR7, mortgage pass-through certificates, series 2005-AR7 under the pooling and servicing agreement dated April 1, 2005.

In their complaint initially filed in state court, plaintiffs alleged ten state law claims arising from a residential loan: (1) violation of California Civil Code section 2923.6, (2) violation of California Business and Professions Code section 17200, (3) injunctive relief, (4) violation of California Civil Code section 1572, (5) fraud, (6) declaratory relief, (7) intentional misrepresentation, (8) violation of California Civil Code sections 2923.5 and 2924, (9) slander of title, and (10) intentional infliction of emotional distress.

On December 20, 2010, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for defendant IndyMac Federal Bank, FSB, removed the action from state court pursuant to 28 U.S.C. 1441(b).  See 28 U.S.C. § 1441(b) (providing that actions may be removed that arise under federal law); 12 U.S.C. § 1819(b)(2)(A) (deeming actions against FDIC as arising under federal law).  Removal was also based on 12 U.S.C. § 1819(b)(2)(B), which expressly provides that the FDIC may remove

actions against it.  See 12 U.S.C. § 1819(b)(2)(B).  Shortly thereafter, the FDIC, as receiver for defendant Indymac Federal Bank, FSB, was substituted in for defendants IndyMac Bank, F.S.B., and IndyMac Federal Bank, FSB, successor by merger to IndyMac Bank, F.S.B.  (Docket No. 6.)

Defendant FDIC was voluntarily dismissed without prejudice on March 24, 2011.  (Docket No. 8.)  Thus, no ground for original jurisdiction over the case remains.[1]  As jurisdiction over this action was based solely on the FDIC being party to this action, it is questionable whether the court should continue to exercise jurisdiction.  See, e.g., Skrabe v. Chase Home Fin., No. C10-03230, 2011 WL 1044465, at *3 n.2 (N.D. Cal. Mar. 22, 2011) (declining to exercise jurisdiction following dismissal of FDIC).

IT IS THEREFORE ORDERED that within ten days of the date of this Order, the parties shall file simultaneous briefs addressing whether in light of the dismissal of defendant FDIC

---

[1] As this court previously explained in Schwartz v. Indymac Federal Bank, No. 2:10-cv-00516 WBS JFM, 2010 WL 5204305, at *1 n.1 (E.D. Cal. Dec. 15, 2010), there is a split among the circuits to have considered the effect of dismissal of the FDIC from an action.  The Second and Fifth Circuits have held that 12 U.S.C. § 1819 (and a similar statute, 12 U.S.C. 1441a(*l*)(1), applying to the Resolution Trust Company ("RTC")) continues to provide original jurisdiction even after the FDIC has been dismissed from a case.  See Adair v. Lease Partners, Inc., 587 F.3d 238, 242 (5th Cir. 2009); F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 100-01 (2d Cir. 1999).  The Third Circuit has held that original jurisdiction ceases with the dismissal of the RTC, leaving only supplemental jurisdiction.  See New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1498 (3d Cir. 1996).  While the Ninth Circuit has not considered the issue, district courts within the Ninth Circuit have followed the supplemental jurisdiction approach.  See, e.g., Vivo v. IndyMac Bank, FSB, No. CV 09-2555, 2009 WL 1635135, at *4 (C.D. Cal. June 10, 2009); Turner v. Wells Fargo Bank, No. C 05-1126, 2005 WL 1865421, at *3 (N.D. Cal. Aug. 5, 2005).

3

1 this action should be remanded to state court pursuant to the
2 provisions of 28 U.S.C. § 1367(c)(3).
3      IT IS FURTHER ORDERED that the hearing on defendants
4 OneWest Bank, FSB, and Deutsche Bank National Trust Company's
5 motion to dismiss is hereby continued to June 6, 2011, at 2:00
6 p.m. in Courtroom 5.
7 DATED:  May 13, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4