```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                            ----oo0oo----

AARON M. WILBURN; ANNA L.            NO. CIV. 2:10-3384 WBS CMK
WILBURN,
                                     MEMORANDUM AND ORDER RE:
           Plaintiffs,               REMAND OF ACTION

     v.

INDYMAC BANK, F.S.B.; NDEX
WEST, L.L.C.; INDYMAC FEDERAL
BANK FSB SUCCESSOR BY MERGER
TO INDYMAC BANK, F.S.B.;
ONEWEST BANK, FSB; DEUTSCHE
BANK NATIONAL TRUST COMPANY,
AS TRUSTEE OF THE INDYMAC INDX
MORTGAGE LOAN TRUST 2005-AR7
UNDER THE POOLING AND
SERVICING AGREEMENT DATED
APRIL 1, 2005; DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS
TRUSTEE OF THE INDYMAC INDX
MORTGAGE LOAN TRUST 2005-AR7,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-AR7
UNDER THE POOLING AND
SERVICING AGREEMENT DATED
APRIL 1, 2005; and DOES 1
through 50, inclusive,

           Defendants.
                                    /
```

----ooOoo----

Plaintiffs filed this action in state court on May 14, 2010, alleging ten state law claims relating to a residential loan. On December 20, 2010, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for defendant IndyMac Federal Bank, FSB,[1] removed the action from state court pursuant to 28 U.S.C. 1441(b) and 12 U.S.C. § 1819(b)(2)(B). See 28 U.S.C. § 1441(b) (providing that actions may be removed that arise under federal law); 12 U.S.C. § 1819(b)(2)(A) (deeming actions in which the FDIC is a party as arising under federal law); 12 U.S.C. § 1819(b)(2)(B) (providing that the FDIC may remove actions against it).

Following the voluntary dismissal without prejudice of this action as against the FDIC, (Docket No. 8.), the court requested briefing from the parties addressing whether this action should be remanded to state court pursuant to 28 U.S.C. § 1367(c)(3). (Docket No. 13.) Plaintiffs filed a brief in support of remand, (Docket No. 15), and defendants OneWest Bank, FSB, and Deutsche Bank National Trust Company filed a brief opposing remand. (Docket No. 16.) In their brief, defendants argue that some of the state law claims against them are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461-1470, and that this court has original jurisdiction because of their preemption defense. They also urge the court to retain supplemental jurisdiction even if the court finds that it no

---

[1] The FDIC, as receiver for defendant Indymac Federal Bank, FSB, was substituted in for defendants IndyMac Bank, F.S.B., and IndyMac Federal Bank, FSB, successor by merger to IndyMac Bank, F.S.B., on December 27, 2010. (Docket No. 6.)

2

longer has original jurisdiction.

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the Notice of Removal based original jurisdiction on federal question jurisdiction, as the FDIC was a party. See 12 U.S.C. § 1819(b)(2)(A). Following the voluntary dismissal of the FDIC, this ground for original jurisdiction ceased to exist. See Schwartz v. Indymac Fed. Bank, No. 2:10-cv-00516 WBS JFM, 2010 WL 5204305, at *1 n.1 (E.D. Cal. Dec. 15, 2010); Vivo v. IndyMac Bank, FSB, No. CV 09-2555, 2009 WL 1635135, at *4 (C.D. Cal. June 10, 2009); Turner v. Wells Fargo Bank, No. C 05-1126, 2005 WL 1865421, at *3 (N.D. Cal. Aug. 5, 2005). Thus, the court no longer has original jurisdiction unless another ground for jurisdiction exists.

"In determining federal question jurisdiction, the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Fisher v. NOS Commc'ns (In re NOS Commc'ns), 495 F.3d 1052, 1057 (9th Cir. 2007)). "It is 'settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption . . . .'" Id. at 1042-43 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983)) (emphasis added); see Franchise Tax Bd., 463 U.S. at

3

10 n.9 ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").

The doctrine of "complete preemption" provides a narrow exception to the rule that defenses are irrelevant to jurisdiction. Under the complete preemption doctrine, when "a federal statute wholly displaces the state-law cause of action through complete pre-emption," the claim, although pleaded in terms of state law, is in actuality based on federal law and is therefore removable to federal court. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). "Complete preemption, however, arises only in 'extraordinary' situations." Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 862 (9th Cir. 2003) (quoting Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183-84 (9th Cir. 2002)). It is a narrow exception that applies only "when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." Wayne, 294 F.3d at 1183.

Through HOLA, Congress gave the Office of Thrift Supervision ("OTS") broad authority to issue regulations governing thrifts. 12 U.S.C. § 1464. As the principal regulator for federal savings associations, OTS promulgated a preemption regulation, providing that "OTS hereby occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a). The types of state laws preempted include, inter alia, those governing terms of credit; loan-related fees; disclosure and advertising; processing, origination, servicing, sale and purchase of, or investment or participation in,

4

1  mortgages; and disbursements and repayments.  Id. § 560.2(b)(4),
2  (5), (9)-(11).

3    "District courts within the Ninth Circuit that have
4  considered this question have concluded that HOLA and its
5  implementing regulation do not have the effect of complete
6  preemption."[2]  Bazan v. U.S. Bancorp, No. 10-CV-03265, 2011 WL
7  566804, at *4 (N.D. Cal Feb. 14, 2011) (citing Sarzaba v. Aurora
8  Loan Servs., No. 10cv1569, 2010 WL 3385062, at *3 (S.D. Cal. Aug.
9  26, 2010); Pazos v. Wachovia Mortg., No. CV 10-2732, 2010 WL
10 3171082, at *3-4 (C.D. Cal. Aug. 10, 2010); Caampued v. First
11 Fed. Bank of Cal., No. C 10-0008, 2010 WL 963080, at *2 n.1 (N.D.
12 Cal. Mar. 16, 2010); Bolden v. KB Home, 618 F. Supp. 2d 1196,
13 1205 (C.D. Cal. 2008)).  This court follows the holdings in those
14 cases.  Because HOLA does not completely preempt state law, the
15 court does not have jurisdiction on the basis of defendants'
16 preemption defense.

17   Even though the court no longer has original
18 jurisdiction, federal courts have "supplemental jurisdiction over
19 all other claims that are so related to claims in the action
20 within such original jurisdiction that they form part of the same
21 case or controversy under Article III of the United States

---

[2] Silvas v. E*Trade Mortgage Corporation, 514 F.3d 1001 (9th Cir. 2008), does not dictate a contrary result. Silvas discussed 12 C.F.R. § 560.2(a) in terms of field preemption, not complete preemption.  See id. at 1005.  "The 'dispositive question' for complete preemption is not simply whether HOLA preempts state law by occupying a field of regulation."  Barela v. Down Sav. & Loan Ass'n, F.A., No. CV 09-3757, 2009 WL 2578889, at *3 (C.D. Cal. Aug. 18, 2009) (emphasis added).  Rather, complete preemption turns on whether the federal statute provides the "exclusive cause of action" for the claims asserted.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003).

5

Constitution." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

   The court can find no reason that this is not a usual case in which all federal claims are eliminated well in advance of trial. Comity weighs in favor of declining to exercise supplemental jurisdiction because all the claims in the Complaint are state law claims. The state court is competent to hear the case and may have a better understanding of the relevant state law.

   As for judicial economy, this action is still in the early stages. The Complaint was filed in state court on May 14, 2010, and removed to this court on December 20, 2010. (Docket No. 1.) This court has not yet issued a Status (Pretrial Scheduling) Order and has not ruled on any motions. The primary activity in federal court has involved substituting the FDIC as a party and approving the parties' stipulation to dismiss the FDIC.

(Docket Nos. 6, 8.)  Judicial economy thus does not weigh in favor of exercising supplemental jurisdiction.

Lastly, convenience and fairness do not weigh in favor of exercising supplemental jurisdiction.  The state and federal fora are equally convenient for the parties.  There is no reason to doubt that the state court will provide an equally fair adjudication of the Complaint.  Accordingly, the court will remand this action to state court.

IT IS THEREFORE ORDERED that this action be, and the same hereby is, REMANDED to Superior Court of the State of California in and for the County of Shasta.  All pending dates before this court are hereby VACATED.

DATED:  May 31, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE